Arthur C. Aulisi, J.
Plaintiffs, residents and taxpayers of Saratoga County, have instituted the above action to restrain the Board of Supervisors of Saratoga County from proceeding with the demolition of the buildings known as the Old Sara-toga County Court House Complex situated on a parcel of land on the north side of West High Street in the Village of Ballston Spa, Saratoga County, New York, and further to restrain the defendants from using said parcel of land as a parking lot.
Plaintiffs have applied to this court, by way of an order to show cause, for an order restraining defendants, during the pendency of this action, from demolishing said buildings and from using the land as and for a parking lot.
An examination of the papers on this motion reveals that during the late 1950’s and early 1960’s, Saratoga County was under increasing pressure to provide adequate courthouse facilities to meet its present day needs. The obvious deficiencies then existing in the quality and sufficiency of the county’s court facilities brought urgent requests and demands from the Saratoga County Bar Association, from visiting Supreme Court Justices and the Appellate Division that a new courthouse complex be constructed by the county to meet the exigencies with respect to the situation.
During the same period of time, the Department of Correction was exerting pressure on the county to replace its “ outmoded ” jail with a new county jail for its prisoners.
*1018 In order to ascertain all the facts so that it could discharge its duties responsibly, the Board of Supervisors appointed a special committee to study the question of improving the existing facilities or to construct a new building complex for its courts and jail. Following this study, and based upon the recommendation of the architect retained in connection therewith that the cost of refurbishing the existing facilities would be too expensive in terms of additional space gained, the Board of Supervisors decided to construct a new complex on the south side of West High Street on land owned by the county across the street from the old court house and jail, where larger space was available to meet its present day court house and jail requirements.
Accordingly, a modern complex was built at a cost of some $4,000,000 to provide adequate space for all courts, the jail and other Saratoga County offices. They were occupied in 1968-1969, leaving the Old Court House Complex vacant except for the County Clerk’s office which has been occupied, without charge, by the Historical Society with the permission of the county.
The Board of Supervisors, in an effort to save the entire old court and jail complex, made appropriate inquiry and was advised by an architectural firm that the cost of renovation would he prohibitive and the results minimal. The board then proceeded to take the necessary steps to have the old complex demolished and to utilize said lot for additional parking for use by the new courthouse complex and jail, thereby relieving the existing parking problem and the flow of traffic at the new court house site, in addition to relieving the taxpayers of the great cost of maintaining old buildings which are not needed and of acquiring other property to provide necessary parking space.
On this application for a temporary injunction, plaintiffs contend that the subject premises were conveyed by Nicholas Low by a deed of trust to the Supervisors of the County of Saratoga, and their successors in office forever, “ IN TRUST NEVERTHELESS * * * to erect a court house and Gaol and other necessary buildings appertaining thereto on the said land and premises and to alter, repair and rebuild the same and to suffer and permit the said lot of land and premises to be improved and at all times used, occupied and enjoyed as a site for a court house and Gaol for the said County of Saratoga ”.
Plaintiffs further claim that by virtue of said deed defendants are without authority to demolish the buildings now stand *1019 ing on said lot or to use the land for any other purpose than that of a courthouse and jail; that the demolition of said buildings would be in violation of the trust imposed upon them; that the resolution adopted by the Board of Supervisors providing for the demolition of the Old Court House Complex structures and advertising for bids for their demolition is illegal, null and void, and that defendants should be permanently enjoined from using the Old Court House Complex land as a parking lot.
It is my opinion that while the language in the deed contemplated a limitation on the purposes for which the land can be used, such language does not compel the County o£ Saratoga to maintain on said lot an old courthouse and jail and two other buildings for which the county would be required to spend large sums of money for restoration and maintenance for which structures the county has no foreseeable use.
In the instant case, the language in the deed must be given a practical meaning. Certainly, the grantor, at the time of the execution of the deed in 1817, could not have envisaged all of the complexities of our modern day society. Modern technology coupled with the growth in population, and the increase in litigation stemming from both of these and other factors, have placed such great demands upon existing courthouse and jail facilities so that what was adequate and sufficient in 1817 could not be adequate and sufficient in the 1970’s.
It would seem, therefore, that in considering the language of the deed in the light of present day conditions .and in this era of automotive transportation, a parking lot is a natural and necessary adjunct of any building complex. Accordingly, since the lot in question was insufficient in area to be used adequately and efficiently for courthouse and jail purposes, together with the fact that the new courthouse and jail are located across the street from the site on which the old courthouse and jail are situated, the proposed use of .said lot for purposes of providing adequate parking facilities for the employees, justices, jurors, litigants, jailers, attendants, clerks, and the public at large, in connection with said courthouse and jail, is a reasonable compliance with the provision of said deed, especially in view of the change of circumstances taking place in the last 154 years.
Plaintiffs in their complaint make reference to the fact that the Old Saratoga County Court House Complex has been nominated by the New York Historic Trust to the National Register of Historical Places and has been accepted as a site and as buildings having architectural - and historical importance.
*1020 Counsel for plaintiffs has very ably argued that the history and architecture of the Old Court House Complex reflects a noble and interesting period of our American heritage, and that -said buildings should be kept as a historical site. The court is not unsympathetic with such a commendable purpose.
This argument, of course, is contrary to plaintiffs’ contention that the property -should be used for ‘ ‘ Court -and Gaol ’ ’ purposes. Certainly, if the language of the deed compels the use of the property for courthouse and jail purposes only, it would follow that the property could not be used as a historical ■site or for the other alternate uses suggested by plaintiffs. The Warren County action cited in support of plaintiffs’ application is distinguishable from the case at bar. The issue in the Warren County case involved the proposed sale by that Board of Supervisors of land which had been conveyed to Warren County “ in trust for the sole use and benefit of the inhabitants of the said County of Warren ”. Thus, in that case the court properly granted a temporary injunction restraining the sale of said property by the county.
In view of the foregoing, it is unnecessary to pass upon the question of whether plaintiffs are proper parties to this action so as to have any standing to litigate the issue and to challenge the action taken by the Board of Supervisors.
Plaintiffs’ application is hereby denied. The temporary stay granted by the order to show cause dated June 18, 1971, initiating this proceeding, is hereby continued to August 12, 1971, pending an application to the Appellate Division.